634615 · A

| KATHY MEDICUS | § | NUMBER: |
| --- | --- | --- |
| VERSUS | § | FIRST JUDICIAL DISTRICT COURT |
| THE KROGER CO. | § | CADDO PARISH, LOUISIANA |

### PETITION FOR DAMAGES

The petition of **KATHY MEDICUS**, an individual of the full age of majority, domiciled in Caddo Parish, Louisiana, with respect represents that:

1.

Made defendant herein is **THE KROGER CO.**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

2.

The damages asserted herein arose as a result of a fall which occurred on June 23, 2021, at the Kroger store located at 9484 Ellerbe Road, Shreveport, Caddo Parish, Louisiana.

3.

At the time of the accident giving rise to this suit, petitioner was a customer on the premises at the Kroger store.

4.

While petitioner was shopping in the produce department of the Kroger store, she fell as a result of a hazard/unreasonable risk of harm that existed on the sales floor of the store.

5.

There were no warning signs in the area with respect to the condition which caused the fall.

**6.**

At all relevant times herein, **KATHY MEDICUS** was acting in a reasonable, prudent, ordinary, and careful manner.

**7.**

**THE KROGER CO.** has a duty to keep its passageways free of unsafe conditions.

**8.**

**THE KROGER CO.**, through its employees and personnel, knew or should have known of the condition on the floor which caused petitioner to fall which condition constituted an unreasonable risk of harm to petitioner.

**9.**

**THE KROGER CO.**, further failed to exercise reasonable care with respect to the merchandising area of its store.

**10.**

The accident and resulting damages were caused solely, proximately, and directly by the negligence and/or fault of **THE KROGER CO.**, in the following non-exclusive particulars, to-wit:

- A. Failing to use reasonable and ordinary care to protect customers from an unreasonably dangerous condition;
- B. Failing to warn customers of the presence of the unreasonably dangerous condition;
- C. Failing to properly inspect the floor for conditions which constituted an unreasonable risk of harm;
- D. Failing to remediate an unreasonably hazardous condition after having actual or constructive notice of the presence of the condition.

**11.**

**KATHY MEDICUS** was not at fault in connection with the accident.

**12.**

As a result of the accident, **KATHY MEDICUS** has sustained personal injury to various parts of her body.

**13.**

As a result of the accident, petitioner's suffering will continue for an indefinite period of time; she will suffer great and excruciating pain, both mental and physical, together with the disability to engage in normal, social, educational, economical, business, and recreational activities, and she fears such conditions will be permanent.

**14.**

Petitioner, **KATHY MEDICUS**, itemizes her damages as follows:

    A.    Past, present, and future medical expenses;

    B.    Past, present, and future pain, suffering, mental anguish, distress, loss of social functions, and loss of enjoyment of life;

    C.    Past, present, and future loss of the ability to engage in her normal and usual social, recreational, and family activity; and

    D.    Mileage expenses.

**15.**

Petitioner further desires that this Honorable Court award general damages unto her in an amount reasonable in the premises to compensate petitioner for past and future pain, suffering, inconvenience, mental anguish, disability, and loss of enjoyment of life.

**16.**

It will be necessary to use medical witnesses at the trial of this case and their fees, together with any expenses for the taking of their depositions, should be fixed and taxed as costs.

WHEREFORE, petitioner, **KATHY MEDICUS**, prays:

    1.    For citation and service of this petition upon defendant in accordance with law;

    2.    After due proceedings had, there be judgment herein in favor of plaintiff, **KATHY MEDICUS**, and against defendant, **THE KROGER CO.**, for such sums as the Court may direct that are reasonable in the premises or for any award justified under the law for the damages sustained by **KATHY MEDICUS** as a result of this accident;

3. For interest upon said amounts at the rate from date of judicial demand until paid in full;

4. For all costs of these proceedings;

5. For expert witness fees to be fixed and taxed as costs; and

6. For all other general and equitable relief.

LUNN IRION LAW FIRM LLC

330 Marshall St., Ste. 500
Shreveport, LA  71101
Phone:  (318) 222-0665
Fax:  (318) 220-3265
Email: jam@lunnirion.com

By: _____
JAMES A. MIJALIS
Bar No. 17057

4995 Dixie Garden Drive
Shreveport, LA  71105
johnsont1949@icloud.com

_____
TOMMY J. JOHNSON
Bar No. 7332

ATTORNEYS FOR PLAINTIFF, KATHY MEDICUS

**PLEASE SERVE:**

**THE KROGER CO.**
**through its registered agent for service of process,**
**Corporation Service Company**
**501 Louisiana Avenue**
**Baton Rouge, Louisiana 70802**



-4-

634615. A

| | | |
|---|---|---|
| KATHY MEDICUS | § | NUMBER: |
| VERSUS | § | FIRST JUDICIAL DISTRICT COURT |
| THE KROGER CO. | § | CADDO PARISH, LOUISIANA |

## REQUEST FOR NOTICE OF TRIAL AND OF JUDGMENT

NOW INTO COURT, through undersigned counsel, comes **KATHY MEDICUS**, plaintiff in the above entitled and numbered cause, and requests written notice of trial pursuant to Louisiana Code of Civil Procedure, Article 1572, and requests written notice of all final judgments and interlocutory judgments pursuant to Louisiana Code of Civil Procedure, Articles 1913 and 1914, in regard to all hearings held in the above captioned matter.

LUNN IRION LAW FIRM LLC

By: _____
JAMES A. MIJALIS
Bar No. 17057

330 Marshall St., Ste. 500
Shreveport, LA 71101
Phone: (318) 222-0665
Fax: (318) 220-3265
Email: jam@lunnirion.com

_____
TOMMY J. JOHNSON
Bar No. 7332

4995 Dixie Garden Drive
Shreveport, LA 71105
johnsont1949@icloud.com

ATTORNEYS FOR PLAINTIFF, KATHY MEDICUS

PGS __1__ EXH _____ MIN __✓__
CC _____ CP _____ MAIL _____ N/J _____
INDEX _____ REC _____ FAX _____
W/D DOC _____ CERT MAIL _____
SERVICE _____



$_+_ FILED
JAN 08 2022
COLVIN ROBERSON
DEPUTY CLERK OF COURT
CADDO PARISH

balleyb                                                                                          CPCC.CV.3097243

# Citation

Effective 1-1-2022

KATHY MEDICUS                             NO. 634615– A
VS                                        STATE OF LOUISIANA
THE KROGER CO                             PARISH OF CADDO
                                          FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   THE KROGER CO
                              THRU CORPORATION SERVICE COMPANY, AGENT
                              501 LOUISIANA AVENUE
                              BATON ROUGE, LA
                              70802

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE(21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act 174) of the 2021 legislative session which changed prescription periods for answering. The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 7, 2022.

*Also attached are the following:                    **MIKE SPENCE, CLERK OF COURT**

                                                     By: _____
                                                              Deputy Clerk

                                                     _____LUNN IRION LAW FIRM_____
                                                              Attorney

                                                     A TRUE COPY -- ATTEST

                                                     _____
                                                              Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 - 7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding accommodation and assistance.

**SERVICE COPY**

$____ FILED
FEB 01 2022
KARA CRAWFORD
DEPUTY CLERK OF COURT
CADDO PARISH

| | |
|---|---|
| **KATHY MEDICUS** | **DOCKET NO. 634,615-A** |
| **VERSUS** | **FIRST JUDICIAL DISTRICT COURT** |
| **THE KROGER CO.** | **CADDO PARISH, LOUISIANA** |

## ANSWER

NOW INTO COURT through undersigned counsel, comes THE KROGER COMPANY, defendant herein, who in answer to plaintiff's Petition for Damages, respectfully represents:

1.

The allegations of paragraph 1 of plaintiff's Petition for Damages are admitted.

2.

The allegations of paragraph 2 of plaintiff's Petition for Damages are denied as written and for lack of sufficient information to justify a belief therein. It is admitted that Kroger operates a store at 9484 Ellerbe Road in Shreveport, Louisiana.

3.

It is admitted that plaintiff claims she was a customer at the Kroger store at the time of the lawsuit.

4.

The allegations of paragraph 4 of plaintiff's Petition for Damages are denied.

5.

The allegations of paragraph 5 of plaintiff's Petition for Damages are denied as written. Furthermore, in the absence of notice, there is no reason to place a warning sign. Furthermore, the Kroger Company pleads the applicability of *La. R.S. 9:2800.6*.

6.

The allegations of paragraph 6 of plaintiff's Petition for Damages are denied.

7.

The allegations of paragraph 7 of plaintiff's Petition for Damages are denied.

8.

The allegations of paragraph 8 of plaintiff's Petition for Damages are denied.

9.

The allegations of paragraph 9 of plaintiff's Petition for Damages are denied.

10.

The allegations of paragraph 10 of plaintiff's Petition for Damages are denied.

11.

The allegations of paragraph 11 of plaintiff's Petition for Damages are denied.

12.

The allegations of paragraph 12 of plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of paragraph 13 of plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph 14 of plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

It is admitted that plaintiff desires to be awarded damages, It is denied that any damages are owed by the Kroger Company. The other allegations of this paragraph are denied.

16.

The allegations of paragraph 16 of plaintiff's Petition for Damages are denied.

17.

Further answering, the Kroger Company pleads the applicability of *La. R.S. 9:2800.6*, which requires the plaintiff to prove not only that she fell due to a hazardous condition on the premises, but also that 1) the Kroger Company had prior notice of such a condition, and 2) the Kroger Company failed to exercise reasonable care. The plaintiff will not be able to meet her burden of proof in this case.

18.

Further answering, the Kroger Company denies any negligence.

19.

Further answering, the Kroger Company pleads the comparative fault of the plaintiff and third parties for whom they are not responsible, which acts as a diminution or bar to any recovery which might be had herein.

20.

To the extent applicable, the Kroger Company pleads the failure of the plaintiff to properly mitigate her damages herein.

21.

Upon information and belief, plaintiff seeks a sum in excess of the minimum threshold amount to allow a trial by jury. Therefore, the Kroger Company seeks and is entitled to a trial by jury on all issues.

WHEREFORE, defendant THE KROGER COMPANY prays that this Answer be filed, and be deemed good and sufficient, and after due proceedings had, that there be judgment rendered herein, dismissing plaintiff's claims, with prejudice, at her cost.

Respectfully Submitted,

THOMAS, SOILEAU, JACKSON & COLE, L.L.P.

Steven E. Soileau, Bar No. 17150
401 Edwards Street, Suite 2015
Shreveport, LA 71101
Telephone (318) 216-5058
Facsimile (318) 216-5087
steve@tsjclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on:

> Mr. James A. Mijalis
> Lunn Irion Law Firm
> 330 Marshall St., Suite 500
> Shreveport, LA 71101
>
> Mr. Tommy Johnson
> Attorney at Law
> 4995 Dixie Garden Drive
> Shreveport, LA 71105

by placing same in the U.S. Mail, properly addressed and proper postage affixed thereon, on this _____ day of _____, 2022.

THOMAS, SOILEAU, JACKSON & COLE, L.L.P.

_____
Of Counsel

| | |
|---|---|
| KATHY MEDICUS | DOCKET NO. 634,615-A |
| VERSUS | FIRST JUDICIAL DISTRICT COURT |
| THE KROGER CO. | CADDO PARISH, LOUISIANA |

## ORDER

Considering the foregoing:

IT IS ORDERED that THE KROGER COMPANY, be and is hereby granted a trial by jury upon posting security in accordance with the *Louisiana Uniform Court Rules* and the *Louisiana Code of Civil Procedure.*

THIS 7th day of Feb, 2022.

RAMON LAFITTE
CADDO PARISH DISTRICT JUDGE
_____
DISTRICT JUDGE

ENDORSED FILED
KARA CRAWFORD, DEPUTY CLERK
FEB 01 2022
A TRUE COPY - ATTEST
CADDO PARISH DEPUTY CLERK



$___ FILED
FEB 01 2022
KARA CRAWFORD
DEPUTY CLERK OF COURT
CADDO PARISH

| | |
|---|---|
| **KATHY MEDICUS** | **DOCKET NO. 634,615-A** |
| **VERSUS** | **FIRST JUDICIAL DISTRICT COURT** |
| **THE KROGER CO.** | **CADDO PARISH, LOUISIANA** |

### REQUEST FOR TEN (10) DAYS NOTICE
### OF SETTING AND OF JUDGMENT

NOW INTO COURT, through undersigned counsel, comes THOMAS, SOILEAU, JACKSON & COLE, L.L.P., which respectfully requests that it be given at least ten (10) days written notice in advance of any setting in the above captioned matter, whether same be for trial or hearing, etc., in accordance with Article 1572 of the Louisiana Code of Civil Procedure.

Appearer further requests written notice of any judgment or interlocutory order in accordance with Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully Submitted,

THOMAS, SOILEAU, JACKSON & COLE, L.L.P.

_____
Steven E. Soileau, Bar No. 17150
401 Edwards Street, Suite 2015
Shreveport, LA 71101
Telephone (318) 216-5058
Facsimile (318) 216-5087
steve@tsjclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on:

Mr. James A. Mijalis
Lunn Irion Law Firm
330 Marshall St., Suite 500
Shreveport, LA 71101

Mr. Tommy Johnson
Attorney at Law
4995 Dixie Garden Drive
Shreveport, LA 71105

by placing same in the U.S. Mail, properly addressed and proper postage affixed thereon, on this _31st_ day of _January_, 2022.

THOMAS, SOILEAU, JACKSON & COLE, L.L.P.

_____
Of Counsel